IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                              Case No. 6:19-cr-60022-SOH

CEDRIC ALLEN WILEY                                                                          DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Cedric Allen Wiley ("Wiley") filed a *pro se* "Motion to Modify Sentence Imposed Pursuant to § 3582(c)(2) Guidelines to Fed. R. Crim. P. 52(b) Plain Error and Incorrect Application of Guideline § 2K2.4 Amendment 599" ("Motion") on August 29, 2022. ECF No. 41. Thereafter, Spivey was appointed counsel. ECF No. 42. On March 21, 2023, Wiley, through counsel, filed a Notice of Intent Not to File a Supplemental Motion for Reduction of Sentence. ECF No. 43.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case on July 31, 2024. ECF No. 44. In response to this Court's order, the United States filed a Response on August 12, 2024. ECF No. 46. No reply has been filed. This matter is now ripe for consideration. The Court finds no evidentiary hearing is required.[1] The Court has reviewed the Motion and Response, and based upon that review, the Court recommends the Motion be **DENIED**.

**1.      Background**

On August 12, 2019, Wiley pled guilty to the two-count Indictment that charged him with Assault with a Dangerous Weapon with intent to do Bodily Harm, in violation of 18 U.S.C. §

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).

1

113(a)(3) ("Count One"), and Discharge of a Firearm During and in relation to a Crime of Violence, in violation 18 U.S.C. §§ 924(c)(1)(A)(iii) ("Count Two"). ECF No. 21.

The initial Presentence Investigation Report ("PSR") calculated the base offense level at level 14. ECF No. 22, p. 5. Five offense levels were added for the victim's serious bodily injury, which resulted in a total adjusted offense level of 19. *Id.* p. 6. A criminal history score of 14 placed Wiley into criminal history category VI.

The United States filed three objections to the PSR (ECF No. 25) and Wiley filed four objections to the PSR, none of which effected the guidelines calculations. ECF No. 26. The United States contended the two-level enhancement for "more than minimal planning," found in U.S.S.G. § 2A2.2(b)(1), was applicable to the offense and would increase the adjusted offense level to 21. In support of this enhancement, the United States argued that since Wiley had acquired the gun days prior to the assault, arranged for transportation that would take the victim to the crime scene, enticed the victim under false pretenses to accompany Wiley to the location where the assault was committed, and planned for and did ascertain steps were taken to dispose of the firearm after the commission of the assault, that these actions of Wiley constituted conduct that demonstrated he had engaged in "more than minimal planning". The United States Probation Office accepted the United States' objections and amended the PSR accordingly. ECF No. 27, p. 6.

The Final PSR's base offense level remained at level 14 but included the two-level enhancement for more than minimal planning and the five-level enhancement for serious bodily injury, resulting in a total offense level of 21. ECF No. 27, p. 6. After a three-point adjustment for acceptance of responsibility, the final offense level would be 18. *Id.* An offense level of 18 and a criminal history category of VI resulted in a sentencing guideline range of imprisonment of 57 to 71 months on Count One. *Id.* p. 17. Count Two of the Indictment, which carried a statutory

mandatory minimum sentence of 120 months to be imposed consecutively, resulted in a guideline range of 177 to 191 months incarceration. *Id.*

Wiley appeared for sentencing on November 19, 2020. ECF No. 37. At sentencing, the Court awarded Wiley a two-level downward variance as to Count One pursuant to 18 U.S.C. § 3553(a) factors (ECF No. 40, p. 3) and sentenced Wiley to forty-six (46) months on Count One and one hundred twenty (120) months on Count Two, terms to run consecutively for a total term of one hundred sixty-six (166) months. ECF No. 39. Additionally, Wiley was sentenced to 3 years supervised release on each count to run concurrently and a $200 special assessment. *Id.* ECF No. 40.

**2.    DISCUSSION**

In the instant Motion, Wiley asks the Court to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) on the basis that a portion of his sentence was enhanced in violation of Amendment 599 to the Guidelines. ECF No. 41. Federal courts generally lack authority to modify a defendant's sentence except where Congress expressly authorizes it. *See Dillon v. United States,* 560 U.S. 817, 824 (2010); 18 U.S.C. §3582(c). Section 3582(c) provides:

> The court may not modify a term of imprisonment once it has been imposed except that … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 29 U.S.C. § 994(o), upon motion of the defendant … the court may reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Accordingly, sentence reductions under § 3582(c)(2) are authorized only if the retroactive amendment has the effect of lowering the defendant's applicable guidelines range. U.S.S.G. § 1B1.10(a)(2)(B). *See United States v. Auman,* 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment

if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission.").

The Supreme Court explained that § 3582(c)(2) "establishes a two-step inquiry." *Dillon,* 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.) § 1B1.10 to determine the prisoner's eligibility for a sentence modification and to the extent of the reduction authorized." *Id.* p. 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.*

In this case, Wiley fails at step one of the inquiry. Section 924(c) proscribes a separate offense for those who use or possess a firearm while committing a predicate violent or drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). Amendment 599 became effective November 1, 2000, and amended the commentary to U.S.S.G. § 2K2.4, which provides the base offense level for individuals who have violated 18 U.S.C. § 924(c). U.S.S.G., App. C, Vol. 11 at 67-69 (2003). The Amendment revised the commentary to the application notes concerning the § 2K2.4, stating in part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct).

*See Id.,* p. 67 (Amendment); *see also* U.S.S.G. § 2K2.4 n.4. Amendment 599 was intended "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapons enhancements contained in

4

the guidelines for those other offenses." *Id.* p. 68 (Reason for Amendment); *see United States v. Friend,* 303 F.3d 921, 922 (8th Cir. 2002). As the district court in the Northern District of Alabama recognized:

> Amendment 599 applies when a defendant is convicted under § 924(c) for using a firearm during a crime of violence and is also convicted of the underlying violent crime. The Amendment directs that when determining the defendant's sentence for the underlying violent offense, a court should not apply any weapons enhancements. This is because the separate § 924(c) sentence accounts for the same conduct as a weapons enhancement. So, applying both would result in duplicative punishment.

*United States v. Woods,* No.: 1:97-cr-00159-RDP-GMB-1, 2022 WL 16972493, at *2 (N.D. Ala. Nov. 16, 2022) (cleaned up). Amendment 599 applies retroactively. *See United States v. Goines,* 357 F.3d 469, 473 (4th Cir. 2004) (recognizing the applicable policy statement, U.S.S.G. § 1B1.10, expressly provided that Amendment 599 may be applied retroactively in a § 3582(c)(2) proceeding).

Amendment 599 does not apply to Wiley's sentence. Amendment 599 was already in place at the time of Wiley's sentencing. As a result, Wiley was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." *See* 18 U.S.C. § 3582(c)(2). In addition, although Wiley was convicted under § 924(c) for using a firearm during the commission of assault with a dangerous weapon (Count Two) and he was also convicted for the underlying assault with a dangerous weapon (Count One), he did not receive a weapons enhancement in relation to that offense. *See* ECF No. 38, p. 6. Accordingly, Wiley has no claim for relief.

Further, as to Wiley's claims that he cannot receive multiple punishments for violating 18 U.S.C. § 113(a)(3) and 18 U.S.C. § 924(c)(1)(A)(iii), the Eighth Circuit has determined that cumulative punishment under 18 U.S.C. §§ 113 and 924(c) is clearly authorized in the firearm statute itself. *United States v. Mills,* 835 F.2d 1262, 1264 (8th Cir. 1987) (citing 18 U.S.C. § 924(c)).

There, the Eighth Circuit recognized "the legislative history is clear that the Congress amended section 924(c) with the express purpose of authorizing an additional sentence to that imposed for the underlying felony, specifically including section 113." *Id.* (citing S.REP. NO. 225, 98th Cong., 2d Sess. 312-13 (1984), *reprinted* in 1984 U.S. CODE CONG. & AD. NEWS 3182, 3490-91 & n. 8.).

3.  **RECOMMENDATION**

Based on the foregoing, the Court recommends Wiley's Motion to Reduce Sentence (ECF No. 41) be **DENIED.** To the extent any claim made by Movant is construed as a claim pursuant to 28 U.S.C. § 2255, the Court further recommends no Certificate of Appealability issue in this matter.[2]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 5th day of September 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[2] A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 565 U.S. 134, 141 (2012). The Court finds Movant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings.